Filed 5/26/21

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ALL OF US OR NONE – RIVERSIDE CHAPTER et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> W. SAMUEL HAMRICK, JR., as Clerk, etc., et al., <br><br> Defendants and Respondents. | D076524 <br><br><br> (Super. Ct. No. 37-2017-00003005-CU-MC-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Earl H. Maas III, Judge.  Affirmed in part; reversed in part; remanded for further proceedings.

A New Way of Life Reentry Project, Joshua E. Kim, CT Turney-Lewis; Social Justice Law Project, Peter E. Sheehan; DHF Law and Devin H. Fok for Plaintiffs and Appellants.

Jones Day, Erica L. Reilley and Erna Mamikonyan for Defendants and Respondents.

# I.

# INTRODUCTION

Plaintiffs, All of Us or None–Riverside Chapter (All of Us or None),[1] Jane Roe, and Phyllis McNeal, filed this action seeking declaratory and injunctive relief against defendants, Superior Court of California, County of Riverside (Riverside Superior Court), and its Executive Officer and Clerk, W. Samuel Hamrick, Jr. Plaintiffs alleged that defendants improperly maintain the Riverside Superior Court's records in criminal cases in various ways, including: (1) failing to properly destroy certain court records of old marijuana-related offenses, as required under Health and Safety Code section 11361.5 ("section 11361.5") (first cause of action); (2) allowing users of the Riverside Superior Court's public website to search the court's electronic index by inputting a defendant's known date of birth and driver's license number, in violation of California Rules of Court, rule 2.507 (Rule 2.507) (third cause of action); and (3) disclosing protected criminal record information in violation of Penal Code section 13300[2] et seq. (fourth cause of action). Plaintiffs also alleged that the foregoing practices invade their right to privacy as embodied in the California Constitution (fifth cause of action). Plaintiffs claimed that they were entitled to declaratory relief (sixth cause of

---

[1] According to plaintiffs, All of Us or None "is an organization dedicated to protecting and advancing civil and human rights of people who have been formerly incarcerated and convicted . . . ."

[2] Unless otherwise specified, all subsequent statutory references are to the Penal Code.

action) and a writ of mandate (seventh cause of action) to remedy these violations.[3]

The trial court sustained defendants' demurrer to plaintiffs' third (violation of Rule 2.507) and fourth (violation of section 13300 et. seq.) causes of action without leave to amend.[4]  Thereafter, the court denied plaintiffs' motion for summary judgment and/or adjudication as to plaintiffs' first (violation of section 11361.5) and fifth (invasion of constitutional right to privacy) causes of action[5] and granted defendants' motion for summary judgment as to plaintiffs' first (violation of section 11361.5), fifth (invasion of constitutional right to privacy), sixth (declaratory relief) and seventh (writ of mandate) causes of action.  Having disposed of all of plaintiffs' claims, the court proceeded to enter a judgment in favor of defendants.

On appeal, plaintiffs challenge the trial court's demurrer and summary judgment rulings.  With respect to the former, in their primary briefing on

---

[3]     The operative complaint for purposes of the third and fourth causes of action is the first amended complaint, and the operative complaint for the remaining causes of action is the second amended complaint.  McNeal entered the litigation as a plaintiff in the second amended complaint.  However, because the identity of each of the plaintiffs is not material for purposes of the issues raised on appeal, for purposes of clarity, we refer to all plaintiffs collectively as "plaintiffs."

[4]     The trial court also sustained defendants' demurrer to plaintiffs' second cause of action without leave to amend and dismissed this cause of action with prejudice.  Plaintiffs do not raise any challenge to this ruling on appeal.

[5]     Plaintiffs did not specifically address their sixth and seventh causes of action in their motion for summary judgment/adjudication.  However, the sixth and seventh causes of action did not allege any substantive violation, but rather, sought specified forms of relief based on alleged violations contained in the other causes of action in the complaint.

appeal, plaintiffs contended that the trial court erred in sustaining defendants' demurrer to the third and fourth causes of action. As to the third cause of action, plaintiffs note that Rule 2.507(c) requires that courts exclude "date of birth" and "driver's license number" from a court's electronic court index. Plaintiffs maintain that they adequately alleged that defendants violate this rule of court by permitting the public to search the Riverside Superior Court's electronic criminal index by use of an individual's known date of birth or driver's license number. After considering the text, history, and purpose of Rule 2.507, we agree that the rule prohibits the Riverside Superior Court from allowing searches of its electronic criminal index by use of an individual's date of birth or driver's license number. We further conclude that the trial court erred in sustaining defendants' demurrer to this cause of action.

As to the fourth cause of action, plaintiffs initially claimed on appeal that they "stated facts sufficient to constitute a cause of action for violation of . . . sections 13302 and 13303."[6] However, in response to our request for supplemental briefing, plaintiffs concede that sections 13302 and 13303 are penal provisions and that plaintiffs cannot maintain their fourth cause of action as presently alleged because California law bars "maintaining an action to enforce penal provisions."[7] We accept plaintiffs' concession and

---

[6] As explained in part III.A.1.b.iii, *post*, sections 13302 and 13303 make it a misdemeanor to improperly disclose certain criminal record information.

[7] In response to our request for supplemental briefing, plaintiffs also "assume[d] without argument that defendant Riverside County Superior Court may not be held criminally liable for violating a criminal law," as plaintiffs had alleged in the fourth cause of action.

4

conclude that the trial court properly sustained defendants' demurrer to this cause of action.[8]

Plaintiffs also raise several challenges to the trial court's summary judgment ruling. Plaintiffs contend that the court erred in denying their motion for summary adjudication of their first cause of action for violation of section 11361.5 pertaining to the obliteration of marijuana-related offense records and in granting defendants' motion for summary adjudication of that same cause of action. We agree with plaintiffs that undisputed evidence establishes that defendants' current obliteration practices violate section 11361.5 and that plaintiffs are entitled to judgment as a matter of law on this cause of action.

Plaintiffs further claim that the trial court erred in denying their motion for summary adjudication of their fifth cause of action for invasion of the right to privacy and in granting defendants' motion for summary adjudication of that same cause of action. We conclude that neither plaintiffs nor defendants are entitled to judgment as a matter of law on plaintiffs' fifth cause of action.

Finally, because we are reversing the judgment with respect to several of plaintiffs' substantive causes of action (i.e., the first, third, and fifth causes of action), we must also reverse the trial court's grant of judgment as a matter of law on plaintiffs' remedial causes of action for declaratory relief (sixth cause of action) and injunctive relief (seventh cause of action).

---

[8] In their supplemental brief, plaintiffs contend for the first time that they could amend their complaint to properly state a cause of action. As explained in part III.A.4, *post*, we do not address the merits of plaintiffs' proposed amendment. In view of the fact that we are remanding the matter on other grounds, plaintiffs may ask the trial court for leave to amend their complaint to state a cause of action as described in their supplemental brief.

Accordingly, we affirm in part, reverse in part, and remand for further proceedings.

## II.

## PROCEDURAL BACKGROUND

In April 2017, All of Us or None and Jane Roe filed a first amended complaint / petition against defendants. In their first amended complaint / petition, plaintiffs brought seven causes of action including: violation of section 11361.5 (first cause of action); violation of Rule 2.507 (third cause of action); violation of section 13300 et seq. (fourth cause of action); invasion of constitutional right to privacy (fifth cause of action); declaratory relief (sixth cause of action); and petition for writ of mandate (seventh cause of action).

Defendants demurred to all of the causes of action. The trial court sustained the demurrer without leave to amend as to the third and fourth causes of action, and overruled the demurrer as to the first, fifth, sixth and seventh causes of action.

In January 2018, plaintiffs filed a second amended complaint adding McNeal as a plaintiff.[9] In their second amended complaint / petition, plaintiffs brought four of the same causes of action as were alleged in their first amended complaint, including: violation of section 11361.5 (first cause of action); invasion of constitutional right to privacy (fifth cause of action); declaratory relief (sixth cause of action); and petition for writ of mandate (seventh cause of action).[10]

_____

[9]    In their second amended complaint, plaintiffs alleged that "Plaintiff McNeal joins this lawsuit to prevent unlawful expenditure of public resources by Defendant Riverside . . . Superior Court."

[10]    Plaintiffs' second amended complaint also included causes of action for violation of Rule 2.507 (third cause of action) and violation of section 13300

6

Plaintiffs moved for summary judgment and/or adjudication on the first cause of action for violation of section 11361.5 and the fifth cause of action for invasion of the constitutional right to privacy.[11]  On the same day, defendants moved for summary judgment and/or adjudication on the first, fifth, sixth, and seventh causes of action.

The trial court denied plaintiffs' motion and granted defendants' motion.  The court subsequently entered a final judgment in favor of defendants.

Plaintiffs timely appealed.

---

et seq. (fourth cause of action).  However, the second amended complaint indicated that the trial court had previously sustained a demurrer to both causes of action without leave to amend.

Plaintiffs presumably maintained the allegations contained in the third and fourth causes of action because their invasion of privacy cause of action (fifth cause of action) incorporated all of the allegations of the complaint.  In that regard, at the hearing on defendants' demurrer, when discussing the effect of the trial court having sustained the demurrer as to plaintiffs' causes of action for violation of Rule 2.507 and section 13300 et seq. on the invasion of privacy cause of action, the trial court stated, "[I]t could still be a right of violation of privacy for doing other things that don't constitute a cause of action on their own."

[11]  As noted in footnote 5, *ante*, although plaintiffs' motion did not address their sixth cause of action (declaratory relief) and seventh cause of action (writ of mandate), these causes of action did not contain substantive claims.

III.

DISCUSSION

A. *The trial court erred in sustaining defendants' demurrer to the third cause of action (violation of Rule 2.507) without leave to amend but properly sustained defendants' demurrer to the fourth cause of action (violation of section 13300 et seq.); on remand, plaintiffs may ask the trial court for leave to amend their complaint to attempt to properly state a cause of action for improper disclosure of criminal offender record information*

Plaintiffs claim that the trial court erred in sustaining defendants' demurrer with respect to both the third cause of action (violation of Rule 2.507) and the fourth cause of action (violation of section 13300 et seq.) without leave to amend. We first provide an overview of the law and the factual and procedural background relevant to plaintiffs' claims. We then consider plaintiffs' arguments with respect to defendants' demurrer as to each cause of action.

    1. *Relevant law*

        a. *The law governing demurrers and the applicable standard of review*

In *Hamilton v. Greenwich Investors XXVI, LLC* (2011) 195 Cal.App.4th 1602, the court outlined the following well-established law governing the review of an order sustaining a demurrer without leave to amend:

> "A demurrer tests the legal sufficiency of the complaint. We review the complaint de novo to determine whether it alleges facts sufficient to state a cause of action. For purposes of review, we accept as true all material facts alleged in the complaint, but not contentions, deductions or conclusions of fact or law. We also consider matters that may be judicially noticed. [Citation.] When a demurrer is sustained without leave to amend, 'we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of

8

discretion and we affirm.' [Citation.] Plaintiff has the burden to show a reasonable possibility the complaint can be amended to state a cause of action." (*Id.* at pp. 1608–1609, fn. omitted.)

### b. *Substantive law*

#### i. *Rule 2.503*

California Rules of Court, rule 2.503 (Rule 2.503) specifies the manner by which electronic trial court records[12] are to be made available to the public. Rule 2.503(b) mandates that trial courts that maintain an electronic index must provide *remote* electronic access to "indexes in *all* cases" (Rule 2.503(b)(1), italics added), to the extent that it is feasible to do so.[13]

---

[12] California Rules of Court, rule 2.502 defines "court record" as:

> "[A]ny document, paper, or exhibit filed in to an action or proceeding; any order or judgment of the court; and any item listed in Government Code section 68151(a)— excluding any reporter's transcript for which the reporter is entitled to receive a fee for any copy—that is maintained by the court in the ordinary course of the judicial process. The term does not include the personal notes or preliminary memoranda of judges or other judicial branch personnel, statutorily mandated reporting between or within government entities, judicial administrative records, court case information, or compilations of data drawn from court records where the compilations are not themselves contained in a court record."

Government Code section 68151, subdivision (a) in turn specifies that a court record includes "[a]ll filed papers and documents in the case folder," along with "[a]dministrative records filed in an action or proceeding," and records listed in Government Code section 68152, subdivision (g). Government Code section 68152, subdivision (g) lists 16 different types of documents including court "index[es]" (*Id.*, subd. (g)(15)).

[13] Rule 2.503 provides in relevant part:

In addition, trial courts are generally required to make "[a]ll court records in *civil* cases," remotely accessible, if feasible, pursuant to Rule 2.503(b)(2).[14]  (Italics added.)

However, Rule 2.503(c) provides a different rule for records in *criminal* cases.  Rule 2.503(c) provides in relevant part:

> "**(c) Courthouse electronic access only**
>
> "A court that maintains the following records in electronic form must provide electronic access to them at the courthouse, to the extent it is feasible to do so, but may *not* provide public remote access to these records:
>
> "[¶] . . . [¶]
>
> "**(5)** *Records in a criminal proceeding*"  (Italics added.)

### ii.  *Rule 2.507*

Rule 2.507 specifies the information to be included in, and excluded from, electronic court indexes, as well as court calendars and registers of action.  The rule provides in relevant part:

---

> "**(b) Electronic access required to extent feasible**
>
> "A court that maintains the following records in electronic form must provide electronic access to them, both remotely and at the courthouse, to the extent it is feasible to do so:
>
> "**(1)** Registers of actions (as defined in Gov. Code, § 69845), calendars, and *indexes* in all cases . . . ."  (Italics added.)

Government Code section 69845 provides, "The clerk of the superior court may keep a register of actions in which shall be entered the title of each cause, with the date of its commencement and a memorandum of every subsequent proceeding in the action with its date."

14    Rule 2.503(c)(1) through (11) specifies exceptions to that general rule. (See Rule 2.503(b)(2).)

**"(a) Intent**

"This rule specifies information to be included in and excluded from the court . . . indexes . . . to which public access is available by electronic means under rule 2.503(b). To the extent it is feasible to do so, the court must maintain court . . . indexes . . . available to the public by electronic means in accordance with this rule.

**"(b) Minimum contents for electronically accessible court . . . indexes . . . .**

"[¶] . . . [¶]

**"(2)** The electronic index must include:

**"(A)** Case title (unless made confidential by law);
**"(B)** Party names (unless made confidential by law);
**"(C)** Party type;
**"(D)** Date on which the case was filed; and
**"(E)** Case number.

"[¶] . . . [¶]

**"(c) Information that must be excluded from court . . . indexes . . . .**

"The following information must be excluded from a court's electronic . . . index . . . :

"[¶] . . . [¶]

**"(1)** Social security number;
**"(2)** Any financial information;
**"(3)** Arrest warrant information;
**"(4)** Search warrant information;
**"(5)** Victim information;
**"(6)** Witness information;
**"(7)** Ethnicity;
**"(8)** Age;
**"(9)** Gender;

11

"**(10)** Government-issued identification card numbers (i.e., military);
"**(11)** Driver's license number; and
"**(12)** Date of birth."

### iii. *Section 13100 et seq.*

Section 13100 et seq. provides for the establishment of a system that compiles "criminal offender record information," (§ 13100, subd. (a)) with respect to individual criminal defendants in California.[15]

Section 13102 defines "criminal offender record information" (CORI) as "records and data compiled by criminal justice agencies for purposes of identifying criminal offenders and of maintaining as to each such offender a summary of arrests, pretrial proceedings, the nature and disposition of criminal charges, sentencing, incarceration, rehabilitation, and release."

Section 13300, subdivision (a)(1) provides in relevant part:

> " 'Local summary criminal history information' means the master record of information compiled by any local criminal justice agency . . . pertaining to the identification and criminal history of any person, such as name, date of birth, physical description, dates of arrests, arresting agencies and booking numbers, charges, dispositions, and similar data about the person."

Section 13125 lists "standard data elements," to be included in state or local "criminal offender record information systems," including "personal identification data" such as "[d]ate of birth," and "California operator's license number [i.e., driver's license number]."

Sections 13302 and 13303 make it illegal for persons who are authorized to receive a defendant's criminal history information to make the

---

[15] "Local summary criminal history information," is commonly called a "rap sheet." (See Cal. Criminal Law: Procedure and Practice (Cont.Ed.Bar 2014) § 12.5.)

12

master record or information obtained from the master record available to unauthorized persons.[16]

### 2. *Factual and procedural background*

#### a. *Plaintiffs' first amended complaint*

In their first amended complaint, plaintiffs alleged that defendants maintained a website called "Public Access" that allows members of the public to search the Riverside Superior Court's databases. According to plaintiffs, users of the Public Access website can access court records and data linked to a personally identified criminal defendant by inputting that person's date of birth or driver's license number. Plaintiffs alleged in relevant part:

> "Public Access . . . provides a free service, which requires the user to provide a combination of either (1) driver's license number and date of birth or (2) case number and date of birth to access the underlying database(s) containing [the Riverside Superior Court's] records and data.

> "a. Accessing the database(s) by searching for driver's license number and date of birth produces a list of all cases associated with the defendant identified by the requested search criteria. . . . The resulting list displays name, case number, filing date, and count 1 charge.

---

[16] Section 13302 makes it unlawful for an "employee of the local criminal justice agency," to "knowingly furnish[ ] a record or information obtained from a record to a person who is not authorized by law to receive the record . . . ."

Section 13303 makes it unlawful for "[a]ny person authorized by law to receive a record or information obtained from a record," to "knowingly furnish[ ] the record or information to a person who is not authorized by law to receive the record or information . . . ."

Section 13301, subdivision (a) defines a "record," as "the master local summary criminal history information as defined in subdivision (a) of Section 13300, or a copy thereof."

"b. Clicking on a case number in the list takes the user to the 'Criminal Case Report' page showing detailed information about the case associated with the case number. . . .

". . . 'Criminal Case Report' pages also contain a list of 'All of Defendant's Other Cases.' It is a list of all cases associated with the defendant, including each case's case number, filing date, charges, next hearing date (if any), the adjudicating court (or jurisdiction), and status. . . .

"Defendants do not require at any time that the user of Public Access identify that he or she is authorized to access a local summary criminal history information . . . under [section] 13300."

In their third cause of action (violation of Rule 2.507), plaintiffs alleged in relevant part:

"[A]n 'electronic index' must exclude date of birth and driver's license number information under Rules of Court 2.507(c).

"[¶] . . . [¶]

". . . Plaintiffs are informed and believe, and upon such information and belief allege, that [d]efendants provide public access to this or similar 'electronic index' containing date of birth information (along with the additional driver's license information) through [the Riverside Superior Court's] Public Access website.

". . . [The Riverside Superior Court] violates Rules of Court 2.507 by failing to exclude date of birth and driver's license number information from the 'electronic index' that it makes available for public access on its website."

In their fourth cause of action (violation of section 13300 et seq.), plaintiffs alleged in relevant part:

14

"In the alternative to allegations in the Third Cause of Action, [p]laintiffs are informed and believe, and upon such information and belief allege, that [d]efendants *do not* maintain an 'electronic index' for public access on its website. Instead, [d]efendants provide the public with *direct access* to its [l]ocal [s]ummary in violation of [sections] 13302, 13303.

". . . [Riverside Superior Court] is a local 'criminal justice agency' as the term is defined in [section] 13101.[17]

". . . Defendants compile certain records and data for the purpose of (1) identifying an individual criminal offender, such as [p]laintiff Roe, and (2) maintaining as to each individual criminal offender, such as [p]laintiff Roe, a summary of all proceedings at [the Riverside Superior Court], including but not limited to a summary of arrests, pretrial proceedings, the nature and disposition of criminal charges, sentencing, incarceration, rehabilitation, and release. Such records and data are each 'criminal offender record information' ('CORI') as that term is defined in [section] 13102.

". . . Defendants maintain the CORI of all criminal offenders, including [p]laintiff Roe, in a database or databases that identify each individual criminal offense, including [p]laintiff Roe, by name, date of birth, and/or driver's license number, and associate with him or her dates of arrests, arresting agencies and booking numbers,

17    Section 13101 provides:

"As used in this chapter, 'criminal justice agencies' are those agencies at all levels of government which perform as their principal functions, activities which either:
"(a) Relate to the apprehension, prosecution, adjudication, incarceration, or correction of criminal offenders; or
"(b) Relate to the collection, storage, dissemination or usage of criminal offender record information."

Defendants do not dispute that the Riverside Superior Court is a criminal justice agency.

15

charges, dispositions, and similar data about the person. Such a database or databases constitute the 'master record' of CORI and therefore constitute 'local summary criminal history information' ('Local Summary') as that term is defined in [section] 13300.

". . . [The Riverside Superior Court's] Public Access website accesses, retrieves, and displays information from Local Summary in response to a query by a member of the public without ensuring that he or she is authorized to receive the information under [section] 13300.

"[¶] . . . [¶]

"No provision of law requires or authorizes [d]efendants to provide to the public, by remote electronic access, a list of all cases associated with an individual identified by name, name and date of birth, or driver's license number and date of birth. . . .

". . . By providing the public with an ability to obtain information from Local Summary via [Riverside Superior Court's] Public Access website, [d]efendants furnish information obtained from a Local Summary to members of the public who are not authorized to receive such record or information in violation of [sections] 13302, 13303."

b. *Defendants' demurrer*

In their demurrer to plaintiffs' first amended complaint, defendants maintained that plaintiffs failed to state a claim with respect to both the third cause of action (violation of Rule 2.507) and the fourth cause of action (violation of section 13300 et seq.).

With respect to the third cause of action, defendants argued that plaintiffs' allegation that defendants permitted the public to input an

16

individual's known date of birth[18] to obtain search results in the Riverside Superior Court's databases failed to adequately allege a violation of Rule 2.507.  Defendants argued in relevant part:

> "Plaintiffs' allegation is *not* that litigants or the public can use the court's [i]ndex to ascertain a particular individual's date of birth; rather, [p]laintiffs challenge the fact that one *who already knows an individual's date of birth* can use that information to search the [i]ndex.  This allegation is not only flawed in the practical sense, but also not supported by California law.
>
> "Nothing in [p]laintiffs' cited sections of the California Rules of Court prohibit[s] the Riverside [Superior] Court's practice (or identical practices used by courts throughout the state, including this one).
>
> "First, nothing in the [c]ourt [r]ules—especially [R]ule 2.507, which is limited to addressing public access— prohibit[s] the Riverside [Superior] Court from storing a litigant's date of birth in its database.
>
> "Second, nothing in [Rule 2.507(c)] prevents courts from allowing users who already know an individual's date of birth from including that data point as a method for searching the database."

Defendants also maintained that plaintiffs had not sufficiently stated a claim for unlawful disclosure of local summary criminal history information (§ 13300 et seq.).  Defendants argued that permitting the public to obtain search results on the Riverside Superior Court's website by inputting an individual's known date of birth did not amount to providing confidential

---

18    Defendants' brief in support of its demurrer did not specifically address their alleged practice of allowing the public to input a known *driver's license number* to obtain search results in the Riverside Superior Court's website.

17

local summary criminal history information.  Defendants summarized their argument by stating:

> "Plaintiffs 'alternatively' allege that the Riverside [Superior] Court provides direct and unfettered access to its local criminal history summary in violation of the Penal Code. . . .  The Riverside [Superior] Court does not provide unfettered access to the public and, like most other courts, restricts substantial access to its local criminal history summary only to authorized individuals, such as law enforcement agencies.  While some *non-sensitive* information from the summary inevitably overlaps with the information the public can access when searching the electronic index, this does not amount to [a] violation of the Penal Code."

Defendants elaborated on this argument by noting that "other provisions of law authorize the Riverside [Superior] Court to share criminal index information regarding individual records with the public.  (See Gov. Code, § 69842 ['The clerk of the superior court shall keep such indexes as will insure ready reference to any action or proceeding filed in the court.'].)"  Defendants argued further that "the only information disclosed by the database is the individual's arrest or conviction[,] which is public record and in [and] of itself [is] not a master record or summary of the individual's criminal history."

### c.  *Plaintiffs' opposition*

Plaintiffs filed an opposition to defendants' demurrer in which they contended that they had adequately stated a claim with respect to both their third cause of action (violation of Rule 2.507) and fourth cause of action (violation of section 13300 et seq.).

With respect to their claim that defendants violated Rule 2.507, plaintiffs contended that they had adequately alleged that "[Riverside Superior Court] includes date o[f] birth and driver's license number in its

18

electronic index made available to the public via its website." Specifically, plaintiffs maintained that defendants violated Rule 2.507(c) by allowing the public to use an individual's date of birth or driver's license information "as a 'search query' to 'narrow' the court's records." Plaintiffs argued that the history of Rule 2.507 supported their contention that allowing such searches was impermissible, noting that an advisory committee involved in the formulation of Rule 2.507 specifically stated that date of birth should *not* be permitted " 'as a data element [to be used] as a search query.' "[19]

Plaintiffs also argued that they had adequately stated a claim for unauthorized disclosure of local summary criminal history information under section 13300. By alleging that defendants permitted the public to search the Riverside Superior Court's databases with personally identifying information, such as date of birth and driver's license number, plaintiffs contended that they had adequately alleged that defendants improperly allowed the public access to local summary criminal history information. Plaintiffs argued further that defendants were mistaken in suggesting that defendants' actions were authorized by Rule 2.507, arguing:

> "[W]hat the public is *authorized* to *access* on [the Riverside Superior Court's] website is an electronic index without any [personally identifying information], *i.e.* one that does not give them the ability to identify an individual and so create her rap sheet."

_____

[19] Plaintiffs quoted from a March 3, 2003 report to the California Judicial Council (Judicial Council) from its Court Executives Advisory Committee ("Advisory Committee") regarding adoption of former Rule of Court, rule 2077, current Rule 2.507 ("CEAC Report"). As noted in parts III.A.2.d–e, *post*, plaintiffs requested that the trial court take judicial notice of the CEAC Report and the trial court granted plaintiffs' request.

Plaintiffs also noted that the CEAC Report specifically stated that the public should not be permitted to use an individual's date of birth as a search query to electronic criminal indexes provided by the court, because allowing such searches "would lead to 'the creation of a local criminal history summary proscribed as by . . . section 13300.' "

d. *Plaintiffs' request for judicial notice*

Together with their opposition, plaintiffs requested that the trial court take judicial notice of three documents related to the history of the adoption of Rule 2.507 and related rules of court. The documents included the CEAC Report; an October 3, 2011 report to the Judicial Council from its Civil and Small Claims Advisory Committee ("CSCAC") regarding an amendment to Rule 2.503; and a February 20, 2004 report to the Judicial Council from its Administrative Office of the Courts pertaining to proposed amendments to former California Rules of Court, rule 2073.5 (current Rule 2.503) ("Administrative Office Report").[20]

e. *The trial court's ruling*

After further briefing and a hearing,[21] the trial court sustained defendants' demurrer as to the third cause of action (violation of Rule 2.507) and the fourth cause of action (violation of section 13300 et seq.) without

---

[20]     In addition, plaintiffs offered their attorney's declaration in which counsel stated that the trial court had previously taken judicial notice of a document from the Court Technology Advisory Committee of California Judicial Council, Public Access to Trial Court Records in Electronic Form recommending the adoption of former California Rules of Court, rules 2070–2077 (current California Rules of Court, rules 2.500–2.507).

[21]     At the hearing, the trial court granted plaintiffs' request for judicial notice.

20

leave to amend. With respect to the third cause of action alleging a violation of Rule 2.507, the trial court reasoned in relevant part:

> "The demurrer to the third cause of action for violation of [Rule] 2.507 (date of birth and driver's license) is sustained without leave to amend. No facts are pled to show that [d]efendants are maintaining an electronic index that includes date of birth and driver's license information. . . . [Citation.]
>
> "Plaintiffs are now alleging that [d]efendants are, in effect, providing access though its Public Access website to an electronic index containing date of birth and driver's license information. [Citation.] Plaintiffs' claim appears to be based on the allegation that a search of the criminal record database may be performed by inputting a date of birth know[n] to the user. [Citations.] Such practice does not constitute a violation of [Rule] 2.507."

As to the fourth cause of action (violation of section 13300 et seq.), the court stated:

> "The demurrer to the fourth cause of action for violation of [section] 13303 is sustained without leave to amend.
>
> "No facts are pled to show that [d]efendants are providing the public with direct access to a local summary criminal history."

3. *The trial court erred in sustaining the demurrer to the third cause of action (violation of Rule 2.507) without leave to amend*

Plaintiffs contend that the trial court erred in concluding that they had failed to state a cause of action for violation of Rule 2.507. Specifically, plaintiffs maintain that defendants' alleged practice of permitting the public to access the Riverside Superior Court's electronic index by inputting an individual's known date of birth and driver's license number constitutes a violation of Rule 2.507.

21

We agree. As we explain below, the text of the relevant rules of court, the rules' history, and the purpose of the rules, all support the conclusion that allowing the public to search an electronic index by inputting an individual's known date of birth or driver's license number constitutes a violation of Rule 2.507. Further, because plaintiffs adequately alleged that defendants permitted such searches of the Riverside Superior Court's electronic index, plaintiffs adequately alleged a violation of Rule 2.507.

   a. *Allowing the public to search an electronic index by inputting an individual's known date of birth or driver's license number constitutes a violation of Rule 2.507*

      i. *The text of the relevant rules of court*

" 'The rules applicable to interpretation of the rules of court are similar to those governing statutory construction. [Citation.] Under those rules of construction, our primary objective is to determine the drafters' intent. [Citation.]' [Citation.] 'If the rule's language is clear and unambiguous, it governs. [Citation.] Experience teaches, however, that unforeseen ambiguities can and do come to light despite the drafters' considered efforts to avoid them. In such cases, courts may consult appropriate extrinsic sources to clarify the drafters' intent. [Citation.]' " (*Rossa v. D.L. Falk Construction, Inc.* (2012) 53 Cal.4th 387, 391–392 (*Rossa*).)

Rule 2.503 establishes a general rule of "courthouse . . . access only" (boldface omitted) for records in criminal cases. (Rule 2.503(c).) While one exception to this rule is for "indexes" (Rule 2.503(b)), Rule 2.507 carefully circumscribes the contents of such indexes by expressly providing that certain information that might serve to personally identify a criminal defendant must be "excluded from a court's . . . index." Such prohibited information includes "[d]river's license number" (Rule 2.507(c)(11)) and "[d]ate of birth." (Rule 2.507(c)(12).)

22

While defendants contend that "allowing users to limit search parameters by providing a [date of birth] or [driver's license number] they already know does not, as a matter of law, amount to a *disclosure* of that information by the [defendants] in court . . . indexes," (italics altered) Rule 2.507(c) is not written so narrowly as to prohibit only the *disclosure* of certain information.[22]

Rather, the text of the Rule 2.507(c) broadly specifies what must be "*excluded*" from an index (italics added), including various items of personally identifying information such as "[d]river's license number" (Rule 2.507(c)(11)) and "[d]ate of birth." (Rule 2.507(c)(12).) By allegedly permitting the public to *search* the Riverside Superior Court's electronic index by use of an individual's known date of birth and driver's license number, members of the public can confirm that a particular person (i.e., a person identified by her date of birth and driver's license number) has a record contained in the electronic criminal index with the Riverside Court. In authorizing such searches, defendants may reasonably be said to have failed to "exclude[ ]" (Rule 2.507(c)), date of birth and driver's license number in the Riverside Superior Court's index as is required, even assuming that defendants are not *disclosing* this information.

Interpreting the word "excluded," in Rule 2.507(c) to prohibit *searches* of a court's *index* premised on the information specified in Rule 2.507(c)(1) through (12) is supported by a contextual interpretation of the provision.

---

[22] In their brief on appeal, defendants note that their demurrer was based on this interpretation of Rule 2.507, stating, "[Defendants'] demurrer explained that [plaintiffs] had not alleged and could not allege a cause of action for violation of Rule 2.507 because allowing users to limit search parameters by providing a [date of birth] or [driver's license number] they already know does not, as a matter of law, amount to a *disclosure* of that information by the [defendants] in court . . . indexes . . . ." (Italics altered.)

(See *Union of Medical Marijuana Patients, Inc. v. City of San Diego* (2019) 7 Cal.5th 1171, 1184 [in performing statutory interpretation "we give the words 'their usual and ordinary meaning,' viewed in the context of the statute as a whole"]; *cf. Rossa, supra*, 53 Cal.4th at pp. 391–392 [stating that same principles govern the interpretation of statutes and rules of court].) The purpose of an index is to facilitate the location of the item indexed by the information contained in the index. (Cf. Black's Law Dictionary (11th ed. 2019) [defining index as "[a]n alphabetized listing of the topics or other items included in a single book or document, or in a series of volumes, usu. found at the end of the book, document, or series"].) Thus, Rule 2.507 may reasonably be interpreted as providing for the creation of an index that facilitates the location of court records by the types of information that the Rule mandates to be *included* in an index (e.g., case title, case number) and prohibits the indexing of court records by the information mandated to be *excluded* by Rule 2.507(c) (e.g., date of birth and driver's license number).

Finally, while not dispositive, our interpretation is bolstered by Rule 2.507(a)'s broad specification of the rule's "[i]ntent," (boldface omitted) which states that, "[t]o the extent it is feasible to do so, the court must *maintain* court . . . indexes . . . available to the public by electronic means in *accordance with* this rule." (Italics added.) This text supports the conclusion that, by allegedly allowing the searching of the Riverside Superior Court's index by date of birth and driver's license number, defendants are not "maintain[ing]," the court's index in "accordance with" Rule 2.507(c). (Rule 2.507(a).)

ii. *The history of the relevant rules of court*

To the extent that Rule 2.507 may be said to be ambiguous with respect to whether courts may allow the public to use an individual's known date of birth or driver's license number to search an electronic index, the history of

24

the relevant rules of court strongly supports the conclusion that permitting such searches constitutes a violation of Rule 2.507.  (Cf. *Rossa, supra*, 53 Cal.4th at pp. 391–392 [where language of a rule of court is not clear and unambiguous " 'courts may consult appropriate extrinsic sources to clarify the drafters' intent' "].)

In the CEAC Report, the Advisory Committee recommended the adoption of former California Rules of Court, rule 2077 (former Rule 2077), current Rule 2.507.  In discussing comments that it had received from various interested parties, the Advisory Committee explained that one commentator had recommended "that date of birth . . . should be a data element that is included (and not excluded) from electronic court calendars, indexes, and register of actions."[23]  The Advisory Committee explained that it disagreed with this recommendation for the following reasons:

> "The [Advisory Committee] acknowledges that some courts currently collect sensitive personal information that has no bearing on a case, but that . . . assists the court in record keeping or identifying parties with the same first and last names.  One of these practices includes collecting a party's [date of birth] as a data element and using it as a search query in case management systems.  Nevertheless, the [Advisory Committee] recommends that the [date of birth] should be excluded from electronic court calendars, indexes, and registers of action for the following reasons:

---

[23]    Rule 2.503 provides in relevant part:

"**(b) Electronic access required to extent feasible**

"A court that maintains the following records in electronic form must provide electronic access to them, both remotely and at the courthouse, to the extent it is feasible to do so:

"**(1)** Registers of actions (as defined in Gov. Code, § 69845), calendars, and indexes in all cases"

25

"1. It is not a traditional entry within a register of action; and

"2. It prohibits access to a confidential field in criminal cases as well as bans the creation of a local criminal history summary as proscribed by . . . section 13300."

In a footnote immediately following this statement, the Advisory Committee stated:

"In an electronic database, the date of birth is a confidential field in criminal cases.  In *Westbrook v. County of Los Angeles* (1994) 27 Cal App.4th 157 [(*Westbrook*)], the court held that the municipal court's electronic case management system was confidential as access would allow the compilation of a local criminal history summary in violation of . . . section 13300.  *Under the same reasoning, the court should not allow narrowing the register of actions by [date of birth] as doing so would essentially be creating a local criminal history*."  (Italics added.)

The Advisory Committee elaborated on this issue by stating:

"While the date of birth is not confidential in court records, it should not be accessible on court electronic records for the following reasons[;] 1) it is not a traditional entry within any of the case record types that proposed [former] Rule 2077 addresses; 2) the Judicial Council, in adopting [former] Rules 2070-2076 was mindful of the privacy of citizens using the courts and approached electronic access to court records cautiously.  Many people are not involved with the courts voluntarily and do not expect the information in the court file to be broadcast to anyone with a computer and Internet connection.  Not including date of birth in any of the case record types that proposed [former] Rule 2077 addresses is consistent with this council policy, and 3) in an electronic database, the date of birth is a confidential field in criminal cases.  In *Westbrook*[*, supra,*] 27 Cal App 4th 157, the court held that the municipal court electronic case management system was confidential as it would allow the compilation of a local criminal history

26

summary in violation of . . . section 13300. *Under this same reasoning, the court may not allow narrowing any of the case record types that proposed [former] Rule 2077 addresses*[24] *by date of birth as doing so would essentially be creating a local criminal history*." (Italics added.)

Thus, the history of Rule 2.507 strongly supports the conclusion that the drafters of the rule of court did not intend for courts to permit the public to be able to conduct searches of an electronic court index by inputting personally identifying information such as date of birth, since doing so would permit the person performing the search to create a de facto local summary criminal history.

Defendants' only argument with respect to this history is that these "old committee reports from 2003 . . . were never adopted or integrated into the Rules of Court that govern these issues," and that such rule history cannot "control over the plain language of . . . Rule 2.507."

Defendants' argument is unpersuasive. The CEAC Report on which plaintiffs rely is dated March 3, 2003. The Judicial Council adopted former Rule 2077 (current Rule 2.507) pursuant to the Advisory Committee's recommendation as part of its consent agenda during its April 15, 2003 meeting. (Judicial Council of Cal., Meeting Minutes, April 15, 2003 pp. 7–8, available at <http://www.courts.ca.gov/documents/min0403.pdf>.)[25] Thus,

---

24    Former Rule 2077, current Rule 2.507, addresses electronic court calendars, registers of action, and *court indexes*.

25    After permitting the parties an opportunity to comment, we take judicial notice of minutes of the Judicial Council's April 15, 2003 meeting. (See Evid. Code, § 452, subd. (c) [permitting the taking of judicial notice of the "[o]fficial acts of the legislative, executive, and judicial departments of the United States and of any state of the United States"]; *id.*, §§ 455, subd. (a),

the CEAC Report constitutes a highly probative extrinsic source to clarify the intent of the drafters of former Rule 2077, current Rule 2.507. Further, as discussed in part III.A.3.a.i, *ante*, the "plain language of . . . Rule 2.507," does not support defendants' contention that it may permit the public to search the Riverside Superior Court's electronic index by use of a known date of birth or driver's license number.

### iii. *The purpose of the rules*

Finally, the purpose of the rules of court governing electronic access to trial court records, as reflected in the rules' history, supports plaintiffs' interpretation of Rule 2.507. While defendants' alleged practice undoubtedly facilitates public access to information, the rules' history unequivocally establishes that the drafters of the rules of court governing electronic access to trial court records did not intend simply to maximize the public's access to information. Rather, the drafters sought to balance the public's access to court records with the privacy concerns of those involved in criminal proceedings.

The February 20, 2004 Administrative Office Report outlined this effort to balance these two principles in discussing the background of the adoption of the rules of court governing electronic access to trial court records:

> "When the [Judicial Council] adopted [former] rule 2073 [current Rule 2.503], it sought to balance the public's interest in convenient access to court records with the privacy concerns of victims, witnesses, and parties. The rule prohibits courts from posting complete case records on the Internet. Under the rule, only the indexes, registers of actions, and court calendars in criminal cases may be posted on the Internet. (See [former] rule 2073(b) and (c) [current Rule 2.503(b) and (c)].) Thus, the court may

---

459 [specifying the manner by which a reviewing court may take judicial notice of a "matter was not theretofore judicially noticed in the action"].)

28

provide some case-specific information over the Internet, such as dates of hearing, assigned judges, and similar information. But most of the documents in criminal case files, such as motions, court orders, and clerk's minutes, cannot be made available over the Internet.

"[Former] [r]ule 2073 prohibits courts from providing those criminal case records over the Internet even though they are not confidential and are available to the public at the courthouse. In adopting this rule, the council recognized that the 'practical obscurity' of most court records provides individuals with some protection against the broad dissemination of private information that may be contained in public court records. Although court records are publicly available, most people do not go to the courthouse to search through records for private information, and in most cases that information is not widely disseminated. In contrast, if records are available over the Internet, they can be easily obtained by people all over the world." (Administrative Office Report at p. 2.)

By allegedly allowing members of the public to search the Riverside Superior Court's electronic index by an individual's date of birth and driver's license information, defendants may be said to be eliminating the "practical obscurity" of criminal court records, one of the guiding principles underlying the adoption of the rules of court governing electronic court records. That is because, without information linking personally identifying information to court index information, members of the public generally would not be able to use a court index to determine whether a particular individual has a criminal record with the court (given the possibility of two defendants having the same name).[26]

---

[26] Defendants acknowledge that the Riverside Superior Court index "contains entries for multiple defendants with similar, if not identical, names."

In this regard, in the CEAC Report, the Advisory Committee explained that the "minimum standards [for electronic court indexes] were developed to comply with Government Code section 69842 . . . ."

Government Code section 69842 provides:

> "The clerk of the superior court shall keep such indexes as will insure ready reference to any action or proceeding filed in the court. There shall be separate indexes of plaintiffs and defendants in civil actions and of defendants in criminal actions. The name of each plaintiff and defendant shall be indexed and there shall appear opposite each name indexed the number of the action or proceeding and the name or names of the adverse litigant or litigants."

Thus, a member of the public searching a court index containing information mandated pursuant to Government Code section 69842 would not be able to use a defendant's date of birth or driver's license number to search that index. In contrast, defendants' alleged practice of permitting its electronic court index to be searched by personally identifying information provides members of public with the ability to link court records in criminal cases to a unique individual in a manner that is inconsistent with the drafter's intent to "ensur[e] that [criminal] records remain practically obscure." (Administrative Office Report at p. 2.)

> b. *Plaintiffs alleged that defendants permit searches of the Riverside Superior Court's electronic index by date of birth and driver's license number, and thereby adequately alleged a violation of Rule 2.507*

We concluded in parts III.A.3.a.i–iii, *ante*, that permitting the public to search an electronic court index by date of birth and driver's license number constitutes a violation of Rule 2.507. In their first amended complaint, Plaintiffs expressly alleged that defendants engaged in such action and thereby adequately alleged a violation of Rule 2.507. (See pt. III.A.2.a,

30

*ante.*)  Accordingly, we conclude that the trial court erred in sustaining defendants' demurrer to plaintiffs' third cause of action for a violation of Rule 2.507.

        c.  *Proceedings on remand*

For the guidance of the trial court on remand, we note that defendants state the following in their brief on appeal concerning the public's access to the Riverside Superior Court's records in criminal cases:

> "The Riverside [Superior] Court maintains an electronic criminal index in accordance with Rule 2.503 that contains and discloses the case number, party name, filing date, charges, next hearing and jurisdiction for public criminal records.  [Citation.]  That information is maintained within ICMS.[27]  [Citation.]  To facilitate search of this *very large index of case records*, which contains entries for multiple defendants with similar, if not identical, names, the Public Access portal[28] allows users to narrow their searches using a defendant's [date of birth] and [driver's license number] (or [date of birth] and name or case number) as a

---

[27]    Defendants describe ICMS as the Riverside Superior Court's "case management system," and state that ICMS "houses all information related to all court case files—e.g., all the 'court case information' or 'data' referred to in [California Rules of Court, [r]ule 2.502(4)."

    California Rules of Court, rule 2.502(4) provides:  " 'Court case information' refers to data that is stored in a court's case management system or case histories.  This data supports the court's management or tracking of the action and is not part of the official court record for the case or cases."

[28]    In defining the "Public Access portal," defendants state:  "Two user interfaces rely upon ICMS:  (a) Judicial Access, which is the interface used by the Riverside [Superior] Court staff, judicial officers and justice partners, and (b) Public Access, which is used by all members of the public, including parties to civil cases and defendants in criminal cases."

means of locating court records associated with a particular defendant." (Italics added)[29]

Although ambiguously phrased, it appears that defendants are contending that they allow the public to search *ICMS* by date of birth and driver's license number rather than their *electronic court index*.[30] For example, defendants state in their brief:

> "But the index [referenced in Rule 2.507] presumably *is* distinguishable from the 'data that is stored in a court's case management system or case histories,' which the rules define as 'court case information' (Cal. Rule of Court 2.502(4)), and which is *not* subject to the rules' restrictions on remote public access (Advisory Com. com, Cal. Rule of Court 2.501.)"[31]

---

[29] To support these statements, defendants cite to evidence in the record from the summary judgment proceedings pertaining to other causes of action.

[30] In their first amended complaint, plaintiffs alleged, "In the alternative to allegations in the Third Cause of Action, [p]laintiffs are informed and believe, and upon such information and belief allege, that [d]efendants *do not* maintain an 'electronic index' for public access on its website. Instead, [d]efendants provide the public with *direct access* to its [l]ocal [s]ummary in violation of [sections] 13302, 13303." On remand, the parties may litigate the issue of which database or databases the public is able to search via the Public Access portal.

[31] Rule 2.501 provides in relevant part:

> "**(a) Application and scope**
>
> "The rules in this chapter apply only to trial court records as defined in rule 2.502(3). They do not apply to statutorily mandated reporting between or within government entities, or any other documents or materials that are not court records."

32

To the extent that defendants intend to suggest that the rules of court authorize defendants to permit the public to search *ICMS* by date of birth and driver's license number, we disagree. Defendants point to no language in the rules of court that would authorize such searches. In fact, the official comment to California Rules of Court, rule 2.501 makes clear that the rules of court governing remote access are not intended to authorize courts to make "court case information" (Cal. Rules of Court, rule 2.502(4)) remotely accessible. The comment states:

> "The rules on remote access do not apply beyond court records to other types of documents, information, or data. Rule 2.502 defines a court record as 'any document, paper, or exhibit filed in an action or proceeding; any order or judgment of the court; and any item listed in Government Code section 68151(a)--excluding any reporter's transcript for which the reporter is entitled to receive a fee for any copy--that is maintained by the court in the ordinary course of the judicial process. The term does not include the personal notes or preliminary memoranda of judges or other judicial branch personnel, statutorily mandated reporting between government entities, judicial administrative records, court case information, or compilations of data drawn from court records where the compilations are not themselves contained in a court record.' (Cal. Rules of Court, rule 2.502(3).) *Thus, courts generate and maintain many types of information that are not court records and to which access may be restricted by law. Such information is not remotely accessible as court records*, even to parties and their attorneys. If parties and their attorneys are entitled to access to any such additional information, separate and independent grounds for that access must exist." (Advisory Com. com, Cal. Rules of Court, rule 2.501, italics added.)

In addition, as discussed in part III.A.4, *post*, information pertaining to a criminal defendant's date of birth and driver's license number *is* restricted by law, i.e., by section 13300 et seq. Thus, while plaintiffs may not bring a

33

civil action to enforce a violation of penal law, our holding does not authorize defendants to permit members of the public to remotely search the Riverside Superior Court's databases through the use of local summary information such as date of birth and driver's license number pursuant to the rules of court.

4. *Plaintiffs concede that they cannot maintain their fourth cause of action (violation of section 13300 et seq.) as presently alleged*

In their primary briefing on appeal, plaintiffs claimed that the trial court erred in concluding that their fourth cause of action failed to state a claim for violation of section 13300 et seq. Specifically, plaintiffs maintained that defendants' alleged practice of permitting the public to search the Riverside Superior Court's database or databases of local summary criminal history information by inputting an individual's known date of birth and driver's license number to obtain search results violates sections 13302 and 13303.

While this appeal was pending, we requested that the parties file supplemental briefing addressing the following questions:

> "May the trial court's order sustaining the demurrer as to the plaintiffs' fourth cause of action without leave to amend be affirmed on the ground that plaintiffs cannot 'enjoin conduct that would subject defendants to criminal prosecution[?]' (*People for Ethical Operation of Prosecutors and Law Enforcement v. Spitzer* (2020) 53 Cal.App.5th 391, 401 [(*People for Ethical Operation of Prosecutors and Law Enforcement*)]; see also Civ. Code, § 3369 ['Neither specific nor preventive relief can be granted . . . to enforce a penal law'].)

> "May the trial court's order sustaining the demurrer without leave to amend as to the plaintiff[s'] fourth cause of action be affirmed as to defendant Riverside County Superior Court on the ground that neither . . . section

34

13302 nor . . . section 13303 establishes criminal liability for 'criminal justice agenc[ies]' under Penal Code section 13101?  (See *Watershed Enforcers v. Department of Water Resources* (2010) 185 Cal.App.4th 969, 984 [discussing 'the general inapplicability of the Penal Code to "bodies politic," i.e., state and local government agencies, as opposed to natural persons and corporations' [(*Watershed Enforcers*)].)"  (Fn. omitted.)

Plaintiffs filed a supplemental brief in which they conceded that their fourth cause of action did not properly state a cause of action as presently alleged:

"[Plainitffs] agree that . . . sections 13302 and 13303 are penal provisions under the existing case law.  They 'define crimes' and 'prescribe criminal punishments.'  (*See People for Ethical Operation of Prosecutors* [*and Law Enforcement*, *supra*, 53 Cal.App.5th at p. 401].)  Section 3369 of the Civil Code bars [plaintiffs] from maintaining an action to enforce penal provisions."

We accept plaintiffs' concession, and conclude that the trial court properly sustained defendants' demurrer to the fourth cause of action for violation of section 13300 for the reasons stated in plaintiffs' concession.[32]

We emphasize that our holding is premised on the bar posed by Civil Code section 3369, and in light our conclusion, we do not address whether allowing the public to use an individual's known date of birth or driver's license number to search a database of local summary criminal history information constitutes the impermissible "furnish[ing] [of] . . . information

---

[32]    Plaintiffs also "assume[d] without argument," that "defendant Riverside . . . Superior Court may not be held criminally liable for violating a criminal law."  We conclude that the fourth cause of action as presently alleged cannot be stated against the Riverside Superior Court because the court may not be subjected to criminal prosecution.  (See *Watershed Enforcers, supra*, 185 Cal.App.4th at p. 984.)

obtained from a record [of local summary criminal history information] to a person who is not authorized by law to receive the . . . information." (§ 13302; see § 13125 [listing "standard data elements," to be included in "criminal offender record information systems," including "personal identification data" such as "[d]ate of birth," and "California operator's license number [i.e., driver's license number]"; see generally *International Federation of Professional & Technical Engineers, Local 21, AFL-CIO v. Superior Court* (2007) 42 Cal.4th 319, 339 ["section 13300 . . . generally prohibits a local criminal justice agency, including a court, from distributing information that relates a person's criminal history"].)

In their supplemental brief, plaintiffs contend that they may "maintain an action to enforce *procedural* provisions" of a law contained in the Penal Code and argue, for the first time, that they could properly state a cause of action by "removing allegations that [defendants] are in violation of . . . section 13302 and 13303 and by adding allegations that [defendants] are in violation of procedural provisions in . . . sections 11076[33] and 13300." Defendants have not had any opportunity to address the legal validity of this new theory. (See *San Mateo County Coastal Landowners' Assn. v. County of San Mateo* (1995) 38 Cal.App.4th 523, 559, fn. 28 [stating that a party may not raise a claim for the first time in a supplemental brief].) Thus, we decline to consider the merits of plaintiffs' proposed new theory of amendment in this appeal.

Because we are reversing the judgment and remanding the matter for further proceedings, plaintiffs will have the opportunity to ask the trial court

---

33    Section 11076 provides, "Criminal offender record information shall be disseminated, whether directly or through any intermediary, only to such agencies as are, or may subsequently be, authorized access to such records by statute."

36

for leave to amend to attempt to state a cause of action under this new theory. However, "we do not decide . . . , nor do we express any opinion concerning, whether [plaintiffs] will be successful on any amended complaint [that attempts to] state[ ] such a cause of action." (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 971.)

Accordingly, we conclude that the trial court properly sustained defendants' demurrer to the fourth cause of action. On remand, the trial court shall determine the legal sufficiency of any amended complaint alleging a violation of sections 11076 and/or 13300 in a manner consistent with this opinion.

B. *Plaintiffs are entitled to judgment as a matter of law on their first cause of action (violation of section 11361.5)*

Plaintiffs contend that the trial court erred in granting defendants' motion for summary adjudication of their first cause of action (violation of § 11361.5) and in denying plaintiffs' motion for summary adjudication of that same cause of action.

1. *Relevant law*

a. *The law governing summary adjudication*

A party is entitled to summary adjudication of a cause of action if there is no triable issue of material fact and the party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subds. (c) & (f)(1).) "A motion for summary adjudication shall be granted only if it completely disposes of a cause of action . . . ." (*Id.*, subd. (f)(1).) A plaintiff is entitled to summary adjudication if she "has proved each element of the cause of action entitling the party to judgment," and the defendant is unable to show that a "triable issue of one or more material facts exists as to the cause of action or a defense thereto." (*Id.*, subd. (p)(1).) A defendant is entitled to summary adjudication

37

of a cause of action if she demonstrates that the plaintiff cannot establish one or more elements of the cause of action. (*Id.*, subd. (p)(2).)

A court considering a motion for summary adjudication must view the evidence and reasonable inferences from the evidence in the light most favorable to the opposing party, as it would on a motion for summary judgment. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.)

b. *Substantive law*

Health and Safety Code section 11361.5, subdivision (a) mandates the destruction of certain records pertaining to marijuana-related arrests and convictions. The statute provides in relevant part:

> "(a) Records of any court of this state . . . pertaining to the arrest or conviction of any person for a violation of [Health and Safety Code] Section 11357 or subdivision (b) of [Health and Safety Code] Section 11360, or pertaining to the arrest or conviction of any person under the age of 18 for a violation of any provision of this article except [Health and Safety Code] Section 11357.5,[34] shall not be kept beyond two years from the date of the conviction, or from the date of the arrest if there was no conviction, . . . . A court or agency having custody of the records, including the statewide criminal databases, shall provide for the timely destruction of the records in accordance with subdivision (c), and those records shall also be purged from the statewide criminal databases. As used in this subdivision, 'records pertaining to the arrest or conviction' shall include records of arrests resulting in the criminal proceeding and records relating to other offenses charged in the accusatory pleading, whether the defendant was acquitted or charges were dismissed. . . ."

Section 11361.5, subdivision (c) specifies how the destruction is to be accomplished:

---

34   Health and Safety Code sections 11357, 11357.5, and 11360, subdivision (b) are all marijuana-related offenses.

"(c) Destruction of records of arrest or conviction pursuant to subdivision (a) or (b) shall be accomplished by permanent obliteration of all entries or notations upon the records pertaining to the arrest or conviction, and the record shall be prepared again so that it appears that the arrest or conviction never occurred.  However, where (1) the only entries upon the record pertain to the arrest or conviction and (2) the record can be destroyed without necessarily effecting the destruction of other records, then the document constituting the record shall be physically destroyed."

2.  *Factual and procedural background*

a.  *Plaintiffs' second amended complaint*

In the operative second amended complaint, plaintiffs alleged that defendants violated section 11361.5 by failing to destroy or obliterate "thousands" of records of arrests or convictions that are "subject to the requirements of [that statute]."

b.  *The parties' motions for summary adjudication*

i.  *Plaintiffs' motion*

Plaintiffs filed a motion for summary adjudication of their first cause of action in which they contended that defendants had failed to timely and adequately destroy or obliterate court records subject to section 11361.5's mandate.  With respect to timeliness, plaintiffs noted that defendants had a backlog of "thousands of minor marijuana files," subject to the destruction / obliteration mandate of section 11361.5, and maintained that defendants' practice of placing such documents "under seal," pending destruction or obliteration is not sufficient under the statute.

39

Plaintiffs also argued that the manner by which defendants redacted[35] arrest and conviction records for marijuana-related offenses subject to section 11361.5 did not comply with that statute's requirements. Plaintiffs argued that "[i]t is [d]efendants' policy and practice to redact only the marijuana charge, the description of the charge, and references to the charge," which is "insufficient as a matter of law." Plaintiffs further maintained that, rather than using a black marker to redact documents, defendants "should . . . [use] a method that leaves no trace of, or reference to, the existence of the underlying marijuana offense." Plaintiffs lodged with their motion examples of numerous marijuana-related records that defendants had redacted—insufficiently, in plaintiffs' view.[36]

ii. *Defendants' opposition*

In their opposition to plaintiffs' motion, defendants noted that plaintiffs made no argument as to defendants' destruction practices under section 11361.5 with respect to "eligible single-count marijuana cases," which defendants stated amounted to "more than 90 [percent] of eligible cases." With respect to their procedures for "hybrid cases,"[37] defendants argued that

---

35    On occasion, the parties use the word "redact," and forms thereof, to refer to the process of "permanent obliteration," specified in section 11361.5, subdivision (c). Throughout this opinion, we also use the word "redact" and forms thereof in a manner consistent with the parties' usage.

36    Plaintiffs removed personally identifying information and case information from the exhibits contained in the clerks' transcript in this case. Plaintiffs also filed under seal the documents as redacted solely by defendants. We have reviewed the sealed exhibits.

37    Defendants used the term "hybrid case" to refer to a case that contains a marijuana-related charge that is eligible for obliteration pursuant to section 11361.5 and at least one nonmarijuana-related charge.

their practices comport with section 11361.5, "[n]otwithstanding [p]laintiffs' [c]ontrary [d]emands." Defendants maintained that plaintiffs' argument that "permanent sealing is not sufficient," is a "[r]ed [h]erring," because defendants use sealing as only a "*temporary* measure to prohibit any access to eligible records pending their redaction." (Italics altered.) With respect to plaintiffs' contentions as to the scope of the required obliteration, defendants argued that plaintiffs' "overly broad approach to redaction is not supported by the language or purpose of [s]ection 11361.5." Defendants argued that their redaction procedures are sufficient and that "[a]sking clerk's office staff with no contemporaneous connection to the case to make . . . determination[s] [as to whether additional redactions are required] could result in erroneous redactions of court records."

### iii. *Defendants' motion*

Defendants filed a motion for summary adjudication of their first cause of action in which they contended that the Riverside Superior Court's "current marijuana record destruction practices" (capitalization omitted) comport with section 11361.5's mandates. Defendants argued that for cases involving *only* marijuana-related offenses, the Riverside Superior Court had been running a "monthly destruction protocol," on its electronic case management system that results in "destroy[ing] those case files." With respect to hybrid cases, defendants argued that the Riverside Superior Court's "three-pronged" approach ensured that all such case files are inaccessible pending redaction. Defendants described this three-pronged approach as follows:

41

"(1) all eligible hybrid case files are inaccessible via Public Access or Judicial Access[38] and anyone searching for such a case will receive a message that the case is restricted [citation]; (2) all specific requests for access to an eligible hybrid case generally are handled, and the file is redacted, within 48 hours (excluding weekends and holidays) of the request [citation]; and (3) redaction of newly eligible hybrid cases are given priority (to ensure that the backlog of case files does not increase), and redaction of the backlogged eligible hybrid case files is pursued secondarily on a daily basis [citation]."

With respect to the scope of the obliteration required, defendants argued that the "statute requires redaction (or obliteration) of all references to the eligible marijuana charges in case records that were prepared by the defendant, the prosecuting agency or some defendant . . . ."

Among the exhibits that defendants lodged in support of their motion was a document titled, "The Riverside [Superior] Court's 'Redacting Hybrid Marijuana Cases: Processing Procedure' ("Hybrid Marijuana Case Processing Procedure"). The Hybrid Marijuana Case Processing Procedure instructs staff to perform the permanent obliteration process specified in section 11361.5, subdivision (c) on documents in hybrid marijuana cases as follows:

"Review each document to ensure there are no references to the purged marijuana charge(s). If the purged charge is referenced, redact **all** references.

---

38    As noted in footnote 28, *ante*, defendants describe Public Access and Judicial Access as follows:

"Two user interfaces rely upon ICMS [the Riverside Superior Court's case management system]: (a) Judicial Access, which is the interface used by the Riverside [Superior] Court staff, judicial officers and justice partners, and (b) Public Access, which is used by all members of the public, including parties to civil cases and defendants in criminal cases."

42

"**Redact** means to obscure or remove (text) from a document prior to publication or release. To redact a document, proceed as follows:

"Using a Sharpie permanent black marker or equivalent, black out (draw several lines through) all references to a purged marijuana charge(s)."

### iv. *Plaintiffs' opposition*

In their opposition to defendants' motion, plaintiffs argued that defendants were not devoting sufficient staff and resources to complete the redaction of "about 9,000 case files left to redact." With respect to the scope of the obliteration required in hybrid cases, plaintiffs argued that the trial court should order defendants "to redact documents sufficiently to make it appear that the 'arrest or conviction never occurred.'" Plaintiffs argued that defendants' practice of "using a black Sharpie to obscure only the charge information," is insufficient because it "continue[s] to show the existence of an arrest or conviction," and is contrary to the statutory mandate that the record be "prepared again so that it appears that the arrest or conviction never occurred." (§ 11361.5, subd. (c).)

### c. *The trial court's ruling*

After further briefing and a hearing, the trial court denied plaintiffs' motion and granted defendants' motion. With respect to plaintiffs' motion, the trial court stated in relevant part:

"Plaintiffs have failed to meet their initial burden of proof that [d]efendants' practices of sealing and redacting records fails to meet the requirements of [section] 11361.5."

As to defendants' motion, the trial court stated in relevant part:

"There is no current violation of [section] 11361.5 that would support issuance of declaratory or injunctive relief.

43

Defendants' practice of sealing records pending destruction or redaction complies with [section] 11361.5.  Defendants' practice of redacting records complies with [section] 11361.5."

3.  *Application*

Plaintiffs make a series of arguments in support of their claim that the trial court erred in "interpret[ing] the destruction mandate under subdivision (c) of . . . section 11361.5."  (Capitalization omitted.)  We consider each argument below.

a.  *Plaintiffs have not demonstrated any error as to the timeliness of defendants' redaction of records subject to section 11361.5*

Plaintiffs appear to contend that the trial court erred in failing to conclude that defendants are not acting to perform a "timely destruction" of records in their custody subject to section 11361.5.[39]

Section 11361.5, subdivision (a) provides in relevant part, "A court or agency having custody of the records, including the statewide criminal

---

[39]    Arguably, section 11361.5, subdivision (a) mandates that records of qualifying marijuana offenses be destroyed *within* two years of a qualifying conviction.  (See *ibid.* ["Records of any court of this state . . . pertaining to the arrest or conviction of any [qualifying offense] shall not be kept beyond two years from the date of the conviction"]).  However, plaintiffs do not present any argument based on the two-year deadline in their briefing on appeal.  Rather, plaintiffs argue that defendants have not acted reasonably to ensure the timely destruction of qualifying records in their possession.  (See *ibid.* ["A court or agency having custody of the records, including the statewide criminal databases, shall provide for the *timely destruction* of the records in accordance with subdivision (c)" (italics added)].)  For example, plaintiffs contend that "[w]ithout the injunctive relief to mandate prompt compliance, the [defendants] have no reason to look for ways to speed up their efforts—or to make their process more efficient."

Plaintiffs raise this argument in a portion of their brief with the subheading, "Reasonable compliance is easy."  (Boldface omitted.)

databases, shall provide for the *timely destruction* of the records in accordance with subdivision (c)." (Italics added.)

While plaintiffs contend that they seek " 'prompt' compliance," with section 11361.5's requirements, they fail to demonstrate that defendants are not acting in accord with the broad statutory mandate to perform a "timely destruction," of records. (§ 11361.5, subd. (a).) Specifically, while plaintiffs suggest that defendants failed to apply for "alternative source[s] of funding," to carry out their duties under the statute, and question defendants' "policy of taking 48 hours" to redact records subject to section 11361.5 that are requested by the public," plaintiffs fail to demonstrate that either of these actions violates section 11361.5.

More generally, defendants presented evidence of a three-pronged procedure in hybrid cases that constitutes a reasonable approach that is consistent with the purpose of section 11361.5, and ensures that eligible hybrid cases are not accessible pending redaction. (See pt. III.B.2.b.iii, *ante*.) Plaintiffs fail to demonstrate how such an approach constitutes a violation of section 11361.5. In particular, while plaintiffs state in their brief that, "[t]here is no mention of 'sealing' in section 11361.5,"[40] it is undisputed that defendants use sealing merely as a *temporary* method to make records in hybrid cases inaccessible subject to section 11361.5 pending obliteration.

---

[40] *Plaintiffs* suggested the propriety of sealing as a practice consistent with section 11361.5 in the operative second amended complaint:

> "*Failure to Seal* and Destroy Certain Marijuana-Offense Records: Defendants maintain thousands of records related to violations of Health & Safety Code [sections] 11357(b)–(e), 11360(b) and make them freely available to the public requesting said records online or in person. *Such records are subject to sealing* and destruction requirements under [section] 11361.5." (Italics added.)

45

Plaintiffs fail to demonstrate how making hybrid cases inaccessible *pending* obliteration is inconsistent with the purpose behind section 11361.5.

> b. *Plaintiffs' contention that Proposition 64 mandates the destruction of documents pertaining to nonmarijuana-related offenses charged together with marijuana-related offenses is unpersuasive*

Plaintiffs contend that defendants are violating section 11361.5 by misinterpreting and misapplying section 11361.5, subdivision (a) as amended by Proposition 64. (Initiative Measure (Prop. 64), § 8.6, approved Nov. 8, 2016, eff. Nov. 9, 2016.) Specifically, plaintiffs contend that section 11361.5, subdivision (a), as amended by Proposition 64, mandates the destruction of documents pertaining to *nonmarijuana-related* offenses when such offenses are charged together with a qualifying marijuana-related offense, and maintain that defendants have failed to destroy documents in accordance with this interpretation of the statute.[41]

" 'In interpreting a voter initiative . . . , we apply the same principles that govern statutory construction.' [Citation.] Where a law is adopted by the voters, 'their intent governs.' [Citation.] In determining that intent, 'we

_____

[41] Plaintiffs acknowledge in their reply brief that they did not raise this argument in the trial court, stating that "the parties did not reference" the definition of "records pertaining to the arrest or conviction" (italics omitted) in section 11361.5, subdivision (a), as amended by Proposition 64, in their summary judgment motions. However, because plaintiffs' argument on appeal raises a pure question of law and is related to their argument that the trial court erred in interpreting section 11361.5, we exercise our discretion to consider plaintiffs' argument notwithstanding any possible forfeiture. (See *Noe v. Superior Court* (2015) 237 Cal.App.4th 316, 335 [stating a reviewing court "generally will not consider an argument 'raised in an appeal from a grant of summary judgment . . . if it was not raised below,' " but that reviewing court may "consider a newly[-]raised issue 'when [it] involves purely a legal question']).

turn first to the language of the statute, giving the words their ordinary meaning.' [Citation.] But the statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme. [Citation.] We apply a presumption, as we similarly do with regard to the Legislature, that the voters, in adopting an initiative, did so being 'aware of existing laws at the time the initiative was enacted.' [Citation.]" (*People v. Buycks* (2018) 5 Cal.5th 857, 879–880 (*Buycks*).)

As noted in part III.B.1.b, *ante*, the first sentence of section 11361.5, subdivision (a) provides that "*records of any court . . . pertaining to the arrest or conviction* of any person for a violation" of specified marijuana-related offenses "shall not be kept beyond two years" and "[a] court . . . having custody of the records . . . shall provide for the timely destruction of the records in accordance with subdivision (c)." (§ 11361.5, subd. (a), italics added.) As amended by Proposition 64, section 11361.5, subdivision (a) now also provides, "[a]s used in this subdivision, '*records pertaining to the arrest or conviction*' shall include records of arrests resulting in the criminal proceeding and records relating to other offenses charged in the accusatory pleading, whether the defendant was acquitted or charges were dismissed."[42]

_____

[42]    Section 11365, subdivision (a) provides in relevant part:

> "(a) Records of any court of this state . . . pertaining to the arrest or conviction of any person for a violation of [certain marijuana-related offenses], shall not be kept beyond two years from the date of the conviction, or from the date of the arrest if there was no conviction, . . . . A court or agency having custody of the records, including the statewide criminal databases, shall provide for the timely destruction of the records in accordance with subdivision (c), and those records shall also be purged from the statewide criminal databases. As used in this subdivision, 'records pertaining to the arrest or conviction' shall include

47

(Initiative Measure (Prop. 64), § 8.6, approved Nov. 8, 2016, eff. Nov. 9, 2016, italics added.)

Plaintiffs argue that Proposition 64's amendment of section 11361.5, subdivision (a) should be interpreted to provide that records pertaining to *all* offenses charged in a case that contains a qualifying marijuana-related charge must be destroyed pursuant to the statute, even if the offense is *not* one of the marijuana-related offenses specified in the statute.[43]

While the meaning of the text of the amendment is not entirely clear, the amendment is most reasonably interpreted as providing that records of *marijuana-related* offenses "charged in the accusatory pleading" (§ 11361.5, subd. (a)) are subject to the statute's destruction / obliteration mandate even if the defendant was not *arrested* or *convicted* of the marijuana-related offense.  This would not have been clear prior to the enactment of Proposition 64, since the first sentence of section 11361.5, subdivision (a) states, "[r]ecords of any court of this state . . . *pertaining to the arrest or conviction* of any person for a violation of [certain marijuana-related offenses]," (italics added) thereby arguably providing that a defendant must have been either *arrested* or *convicted* of a marijuana-related offense in order for section 11361.5 to apply.  The amendment makes it clear that a defendant who was "charged in the accusatory pleading" (§ 11361.5, subd. (a)) with a qualifying

> records of arrests resulting in the criminal proceeding and records relating to other offenses charged in the accusatory pleading, whether the defendant was acquitted or charges were dismissed. . . ."

[43]     Plaintiffs state that this is so unless the nonmarijuana offense is a serious offense specifically exempted by the statute.  (See § 11361.5, subdivision (a) [stating that "[t]he requirements of this subdivision do not apply to . . . records of any arrest for an offense specified in subdivision (c) of Section 1192.7, or subdivision (c) of Section 667.5, of the Penal Code"].)

*marijuana-related* offense is entitled to the document destruction or obliteration procedures of section 11361.5 even if the defendant was "acquitted or charges were dismissed." (§ 11361.5, subd. (a).)

In addition to being consistent with the text of the statute, our interpretation is also supported by the legislative history of the proposition. (See Ballot Pamp., Gen. Elec. (Nov. 8, 2016) official title and summary of Prop. 64, p. 90 ["Authorizes resentencing and destruction of records for *prior marijuana convictions*" (italics added)]; *id.* analysis by the legislative analyst of Prop. 64, p. 95 ["The measure also requires the destruction— within two years—of criminal records for individuals arrested or convicted for certain *marijuana-related offenses*" (italics added)].)

In contrast, plaintiffs' broad interpretation of the amendment would mean that records pertaining to offenses entirely unrelated to marijuana would be subject to destruction under section 11361.5 merely because of the happenstance that such offenses were charged in a case in which a qualifying marijuana-related offense was also charged. As defendants note, such an interpretation "would reflect a dramatic shift in the handling of . . . hybrid cases, and in the record retention requirements for charges that are not subject to [s]ection 11361.5." Yet, plaintiffs point to nothing in either the legislative history or the purpose of Proposition 64 that would suggest that the voters had such a broad intent in adopting the proposition. (See *Buycks, supra*, 5 Cal.5th at pp. 879–880 [statutory language of a voter initiative must be "construed in the context of the statute as a whole and the overall statutory scheme"].)

Accordingly, we reject plaintiffs' contention that section 11361.5, subdivision (a), as amended by Proposition 64, mandates the destruction of

49

documents pertaining to nonmarijuana-related offenses when charged together with a qualifying marijuana-related offense.

      c. *Undisputed evidence establishes that defendants are violating section 11361.5*

In addition to their Proposition 64 argument, plaintiffs contend that defendants violate section 11361.5 in two additional ways. First, with respect to the *scope* of references to be obliterated, plaintiffs argue that, in hybrid cases, defendants' practice of merely redacting references to *eligible charges* does not constitute the "permanent obliteration of all entries or notations upon the records *pertaining to* the arrest or conviction." (§ 11361.5, subd. (c), italics added.) Second, with respect to the *manner* by which defendants perform such obliteration, plaintiffs argue that defendants' practice of using a black marker to cross out references does not satisfy section 11361.5, subdivision (c)'s requirement that the record "be prepared again *so that it appears that the arrest or conviction never occurred.*" (*Ibid.*, italics added.) We consider each argument in turn.

      i. *Defendants fail to obliterate all references "pertaining to" marijuana related arrests or convictions (§ 11361.5, subd. (c))*

Plaintiffs contend that defendants violate section 11361.5, subdivision (c) by interpreting the statute narrowly to require merely the redaction of "statutory references" to marijuana-related offenses. For example, plaintiffs contend that redacting " '11357(b) HS' [from a record] . . . cannot possibly be the *only* entry '*pertaining to* the arrest or conviction' under any reasonable interpretation of the phrase." (Italics added.)

On appeal, defendants do not dispute plaintiffs' characterization of defendants' interpretation and implementation of section 11361.5, subdivision (c) in hybrid cases. In addition, defendants argued in their

opposition to plaintiffs' motion for summary adjudication in the trial court that, "the destruction statutes are satisfied by redacting all references to the eligible *charge* (e.g., 'H&S 11357')." (Italics added.) The record on appeal contains numerous records that defendants have redacted, as well as defendants' Hybrid Marijuana Case Processing Procedure, all of which establish, as an undisputed fact, the nature of defendants' redaction practices.

Thus, the question presented by this appeal is whether, given undisputed evidence as to the nature of defendants' practices, defendants are violating section 11361.5, subdivision (c) by failing to obliterate "all entries or notations upon the records pertaining to the arrest or conviction." In resolving this question, we first interpret the meaning of the key phrase "pertaining to the arrest or conviction." (*Ibid.*) We then apply this interpretation in determining the types of "entries or notations" (*ibid.*) that must be obliterated from defendants' records.

Section 11361.5, subdivision (c) requires the destruction of records of the arrest or conviction of certain statutorily specified marijuana-related offenses, "by permanent obliteration of all entries or notations upon the records *pertaining to* the arrest or conviction." (Italics added.)

"[T]he phrase 'pertaining to' has 'wide reach.' " (*People v. Whalum* (2020) 50 Cal.App.5th 1, 11 (*Whalum*), review granted Aug. 12, 2020, S262935 [surveying dictionary definitions and concluding, "[t]he phrase is plainly meant to refer to a *relation* between two things rather than an *exact correspondence*"]; see also *People v. Perry* (2019) 32 Cal.App.5th 885, 891 (*Perry*) ["Definitions of the term 'pertain' demonstrate its wide reach: It means 'to belong as an attribute, feature, or function' [citation], 'to have reference or relation; relate' [citation], '[b]e appropriate, related, or applicable

to' [citation]".)  In *Whalum, supra*, this court considered the meaning of a statutory provision, Health and Safety Code section 11362.45, subdivision (d), that carved out " '[l]aws *pertaining to* smoking or ingesting cannabis' in correctional institutions from Proposition 64's legalization of adult cannabis." (*Whalum, supra*, at p. 11, quoting Health & Saf. Code, § 11362.45, subd. (d).)

Relying on the broad meaning of the phrase "pertaining to," the *Whalum* court concluded that a law criminalizing the *possession* of cannabis was one that "pertain[ed] to *smoking or ingesting*" cannabis (Health & Saf. Code, § 11362.45, subd. (d), italics altered).  The *Whalum* court reasoned:

> "[Health and Safety Code] [s]ection 11362.45, subdivision (d) uses the term 'pertaining to,' signaling an intent to broadly encompass laws that have only *a relation to* smoking or ingesting cannabis in a correctional institution, rather than strictly limiting the carve[-]out to laws that 'prohibit' or 'make unlawful' the act of smoking or ingesting cannabis." (*Whalum*, *supra*, 50 Cal.App.5th at pp. 12–13; accord *Perry*, *supra*, 32 Cal.App.4th at p. 891 ["While [Health and Safety Code] section 11362.45, subdivision (d), does not expressly refer to 'possession,' its application to possession is implied by its broad wording—'[l]aws *pertaining to* smoking or ingesting cannabis' "].)

Similarly, in this case, as plaintiffs persuasively argue, by use of the phrase "pertaining to" (§ 11361.5, subd. (c)), the Legislature manifested an intent to require the obliteration of more than merely the reference to the eligible statutory *charge* itself.  Rather, the Legislature signaled its intent to broadly require the obliteration of all entries and notations having "*a relation to*" eligible charges.  (*Whalum, supra*, 50 Cal.App.5th at p. 12.)  Thus, defendants' practice of redacting solely references to the qualifying marijuana-related charge, i.e., "Health and Safety Code" followed by the section number of the qualifying offense, does not comport with the statutory mandate.

With respect to specific entries and notations found in defendants' records that the parties refer to on appeal, we reject plaintiffs' contention that references to *nonmarijuana-related* charges contained in a case that happens to also contain a *marijuana-related* charge are references "pertaining to" (§ 11361.5, subd. (c)) a marijuana-related arrest or conviction.[44] Nor are references that relate *solely* to nonmarijuana-related charges or that are related to *both* marijuana-related charges and nonmarijuana charges reasonably interpreted as falling within the scope of section 11361.5, subdivision (c). However, we agree with plaintiffs that references in records that pertain *solely* to marijuana-related charges, including references to plea colloquies, fines, and sentences, must be obliterated.[45]

Accordingly, to summarize, we hold: (1) defendants need not obliterate references to nonmarijuana-related charges, even if charged in a case that also contains a qualifying marijuana-related charge; (2) defendants need not obliterate entries and notations that are either related *solely* to nonmarijuana-related charges or are related to *both* nonmarijuana-related charges and a marijuana-related charge; (3) defendants must obliterate entries and notations that are related *solely* to a marijuana-related charge,

---

[44]    In part III.B.3.b, *ante*, we rejected plaintiffs' contention that Proposition 64's amendment of section 11361.5 subdivision (a) mandates the destruction of documents pertaining to nonmarijuana-related offenses that are charged together with marijuana offenses.

[45]    To paraphrase the *Perry* court, we would be hard pressed to conclude that references in records to plea colloquies, fines, sentences, and narratives that relate *solely* to a marijuana-related offense do not "pertain[ ] to" (§ 11361.5, subd. (c)) such offense. (See *Perry, supra*, 32 Cal.App.5th at p. 891 ["We would be hard pressed to conclude that possession of cannabis is *unrelated* to smoking or ingesting the substance"].)

53

including references to plea colloquies, fines, sentences and narratives "pertaining to" a marijuana-related charge.  (§ 11361.5, subd. (c).)

> ii. *Defendants' method of redaction does not make it "appear[ ] that the arrest or conviction never occurred" (§ 11361.5, subd. (c))*

Plaintiffs' also presented evidence that defendants' practice of using a black marker to cross out eligible references violates section 11361.5, subdivision (c)'s requirement that the record "be prepared again *so that it appears that the arrest or conviction never occurred*."  (§ 11361.5, subd. (c), italics added.)  Plaintiffs contend that "documents re-prepared by [defendants] clearly show that the arrest or conviction did occur."  To demonstrate this point, plaintiffs contrasted a series of records that defendants had redacted, with the same records redacted by plaintiffs using "white-out and plain index cards [or] a graphics program to achieve the mandated result."

To demonstrate the differences, we include below a portion of a document redacted using defendants' procedures:



As can be seen, defendants' procedure reveals the precise location of the redaction.  Further, given its placement, a reader of the redacted document

can ascertain that the redaction likely pertained to an additional charged offense.  This is the same document, as redacted by plaintiffs:



Unlike the document redacted by defendants, a reader of plaintiffs' redacted document would likely be unaware that the document had previously contained a reference to the redacted charge.[46]

If the Legislature had mandated merely the "permanent obliteration of all entries or notations," defendants' practice of merely obfuscating eligible references by marker might suffice.  However, we agree with plaintiffs that the Legislature's specific directive of a process requiring permanent obliteration *and* the repreparation of the record "so that it appears that the arrest or conviction never occurred," (§ 11361.5, subd. (c)) manifests a clear intent to require *more* than mere obfuscation.  Thus, while defendants argue that "[r]equiring courts to actually *re-prepare* every record filed by any party that referenced an eligible charge would impose an absurd and unreasonable burden on already-resource-strapped courts," the text of the statute

---

[46]    Plaintiffs also lodged numerous other records that defendants had redacted containing references to colloquies, fines, sentences and narratives solely related to qualifying marijuana-related charges.  Plaintiffs contrasted these records with the same records redacted by plaintiffs to remove such references.

specifically requires that "the record shall be *prepared again* so that it appears that the arrest or conviction never occurred." (*Ibid.*, italics added.)

We are not persuaded by defendants' contention that plaintiffs' interpretation of the statute "contradicts the Government Code." According to defendants, plaintiffs' interpretation of section 11361.5 is flawed because the Government Code "expressly states that records subject to destruction under Section 11361.5 may be 'destroyed, *or redacted.*'" (Quoting Gov. Code, § 68152, subds. (c)(8), (10), italics added by defendants.)[47] According to defendants, "the Legislature did *not* say that the records had to be 'destroyed or prepared again.'" (Italics added.)

In presenting this argument, defendants omit a key portion of the statutory text. Government Code section 68152, subdivisions (c)(8) and (c)(10) each provide that "records shall be destroyed, or redacted *in accordance with subdivision (c) of Section 11361.5 of the Health and Safety Code.*" (Italics added.) Thus, Government Code section 68152, subdivisions (c)(8) and (c)(10) specifically incorporate section 11361.5, subdivision (c)'s requirements, including the mandate that the "the record shall be *prepared again* so that it appears that the arrest or conviction never occurred." (§ 11361.5, subd. (c), italics added.)

In any event, we see nothing absurd or unreasonable about requiring that defendants use obliteration techniques that comply with the statutory directive. (§ 11361.5, subd. (c).) This is particularly true given that the mandate is part of " 'comprehensive reform legislation [that] represented a conscious and substantial modification of California's past public policy which frequently equated marijuana offenses with much more serious drug

---

[47] Government Code section 68152 specifies periods of time that trial court clerks are directed to retain various types of court records.

offenses.' " (*Hooper v. Deukmejian* (1981) 122 Cal.App.3d 987, 1004 (*Hooper*); see *id.* at p. 1003 [a " 'remedial statute of this type should be liberally construed to promote the underlying public policy. If the meaning is doubtful, the statute must be construed as to extend the remedy' "].) While defendants are correct that the statute does not specify the means by which a court is to make "it appear[ ] that the arrest or conviction never occurred" (§ 11361.5, subd. (c)), plaintiffs demonstrated that the use of white out and index cards or an electronic software program can achieve the statutorily mandated result in a manner that plaintiffs maintain is not unreasonably time consuming. Defendants' current redaction procedures do not. While defendants need not literally recreate (retype) the documents, the statute mandates that they make it appear that the arrests or convictions never occurred—as plaintiffs have done in exhibits contained in the record on appeal.

We are equally unpersuaded by defendants' suggestion that Health and Safety Code section 11361.7 justifies their insufficient obliteration practices. According to defendants, this is so because Health and Safety Code section 11361.7 "statutorily protects [former criminal] defendants from any consequential adverse impact" arising from a record that is eligible for destruction / obliteration but which is not in fact destroyed or obliterated. Defendants note that Health and Safety Code section 11361.7 provides in relevant part:

> "(a) Any record subject to destruction or permanent obliteration pursuant to Section 11361.5, or more than two years of age, or a record of a conviction for an offense specified in subdivision (a) or (b) of Section 11361.5 which became final more than two years previously, *shall not be considered to be accurate, relevant, timely, or complete for any purposes by any agency or person. . . . .*

57

"(d) The provisions of this section shall be applicable without regard to whether destruction or obliteration of records has actually been implemented pursuant to Section 11361.5.

"(Health & Saf. Code, § 11361.7, subds. (a), (d), italics added.)"

Health and Safety Code section 11361.7 reflects the Legislature's understanding that the destruction/obliteration process is subject to potential error. However, we decline to interpret a statute that is plainly intended to *ameliorate* the potential adverse consequences that could *result* from incomplete destruction or obliteration to *justify* practices that *cause* such incomplete destruction or obliteration.

Accordingly, we conclude that undisputed evidence establishes that defendants violated section 11361.5 both in failing to adequately obliterate all references "pertaining" to marijuana arrests or convictions (§ 11361.5, subd. (c)) and in failing to ensure that obliterated documents are "prepared again," in a manner that makes "it appear[ ] that the arrest[s] or conviction[s] never occurred." (§ 11361.5, subd. (c).)[48]

    d. *Conclusion*

For the reasons stated in part III.B.3.c, *ante*, we conclude that the trial court erred in granting defendants' motion for summary adjudication of their first cause of action (violation of § 11361.5) and in denying plaintiffs' motion

---

[48] While plaintiffs also object to defendants' purportedly "completely unnecessary redaction stamp," plaintiffs fail to demonstrate that a generic reference indicating that a given document has been redacted violates the statutory directive in section 11361.5, subdivision (c) that the record be prepared again that it appears that the marijuana-related arrest or conviction never occurred.

for summary adjudication of that same cause of action.[49]  On remand the trial court is directed to grant judgment for plaintiffs on this cause of action and to fashion declaratory and injunctive relief in accordance with this conclusion.

C. *Neither plaintiffs nor defendants are entitled to judgment as a matter of law on plaintiffs' fifth cause of action (invasion of the state constitutional right to privacy)*

Plaintiffs contend that the trial court erred in denying their motion for summary adjudication of their claim for invasion of the state constitutional right to privacy and in granting defendants' motion for summary adjudication of that same cause of action.  Plaintiffs raise two bases for reversal.  Plaintiffs contend that the trial court erred in denying their motion and in granting defendants' motion, given defendants' serious invasion of plaintiffs' privacy interests in: (1) having their minor marijuana-related offense records destroyed and; (2) not having their criminal histories disclosed on a public website.

We apply the law governing summary adjudication motions described in part III.B.1, *ante*.

1. *Substantive law*

In *Hill v. National Collegiate Athletic Assn.* (1994) 7 Cal.4th 1 (*Hill*), the California Supreme Court outlined the law governing the adjudication of a cause of action for invasion of the state constitutional right to privacy.  In order to prevail on such a cause of action, the *Hill* court explained that a plaintiff must establish the following elements:

> "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct

_____

[49]    We rejected plaintiffs' remaining arguments for reversal with respect to this cause of action in part III.B.3.a, *ante*, and part III.B.3.b, *ante*.

by defendant constituting a serious invasion of privacy." (*Id.* at p. 39–40.)

Courts are to determine whether a plaintiff has established such elements as follows:

> "Whether a legally recognized privacy interest is present in a given case is a question of law to be decided by the court. [Citations.] Whether plaintiff has a reasonable expectation of privacy in the circumstances and whether defendant's conduct constitutes a serious invasion of privacy are mixed questions of law and fact. If the undisputed material facts show no reasonable expectation of privacy or an insubstantial impact on privacy interests, the question of invasion may be adjudicated as a matter of law." (*Hill, supra*, 7 Cal.4th at p. 40.)

The *Hill* court also described the ways in which a defendant may prevail on such a cause of action:

> "A defendant may prevail in a state constitutional privacy case by negating any of the three elements just discussed or by pleading and proving, as an affirmative defense, that the invasion of privacy is justified because it substantively furthers one or more countervailing interests." (*Hill, supra*, 7 Cal.4th at p. 40.)[50]

2. *Factual and procedural background*

In the operative second amended complaint, plaintiffs alleged that defendants violated plaintiffs' state constitutional right to privacy in several ways, including: (1) maintaining and disclosing to the public records pertaining to arrests and convictions for marijuana-related offenses subject to

---

[50] In addition, although not relevant to this appeal, the *Hill* court stated that a "[p]laintiff, in turn, may rebut a defendant's assertion of countervailing interests by showing there are feasible and effective alternatives to defendant's conduct which have a lesser impact on privacy interests." (*Hill, supra*, 7 Cal.4th at p. 40.)

destruction/obliteration under section 11361.5; (2) making information obtained from "local summary" available to unauthorized individuals; and (3) making an "electronic index" searchable by date of birth and driver's license information.

Plaintiffs moved for summary adjudication on their privacy cause of action. As relevant to this appeal, plaintiffs argued that defendants' disclosure of public records pertaining to arrests and convictions for marijuana-related offenses subject to destruction under section 11361.5 violated their constitutional right to privacy.[51]

Defendants opposed plaintiffs' motion, arguing, in relevant part, "The Riverside [Superior] Court's destruction practices for . . . cases [subject to section 11361.5] comport with law and do not violate any right of privacy."

Defendants also moved for summary adjudication of plaintiffs' privacy cause of action. In their supporting brief, defendants argued that there was not a triable issue of fact with respect to any of the alleged grounds supporting plaintiffs' invasion of privacy cause of action. As relevant to this appeal, defendants contended both that the Riverside Superior Court's practice of permitting the public to search its electronic index by date of birth and driver's license information did not violate Rule 2.507 and did not violate any privacy right, and that defendants did not violate plaintiffs' right to privacy or section 13300 by improperly disclosing local summary

---

[51] Plaintiffs also moved for summary adjudication based on defendants' alleged improper "release of documents containing sensitive private information." (Boldface & capitalization omitted.) However, plaintiffs do not address this aspect of their privacy claim in their legal argument of their opening brief on appeal.

information.[52]  Defendants also argued that plaintiffs' invasion of privacy claim failed as a matter of law to the extent that it was based on defendants' practices pertaining to records of arrests and convictions for marijuana-related offenses, for the reasons given by defendants in opposing plaintiffs' motion for summary adjudication of their first cause of action (violation of section 11361.5).

After further briefing and a hearing, the trial court denied plaintiffs' motion, ruling:

> "Plaintiffs have failed to meet their initial burden of establishing conduct by [d]efendants constituting a serious invasion of privacy."

The court granted defendants' motion, ruling:

> "As to the privacy claim[ ], [p]laintiffs have failed to establish a triable issue of material fact as to whether [d]efendants engaged in conduct constituting a serious invasion of privacy."

3.  *Application*

   a.  *The trial court properly denied plaintiffs' motion for summary adjudication*

Although we have concluded that defendants violated section 11361.5,[53] we reject plaintiffs' contention that plaintiffs established as a

---

[52]    In making these arguments, defendants relied heavily on the trial court's prior rulings sustaining defendants' demurrer to plaintiffs' causes of action for violation of Rule 2.507 and section 13300.

[53]    As defendants properly noted in their opposition to plaintiffs' motion for summary judgment / adjudication, plaintiffs did not seek summary adjudication of their privacy cause of action based on "allegations in their [c]omplaint regarding the use of date of birth as a search criteria . . . or of

*matter of law* that such violations amount to a "serious invasion of privacy," such that plaintiffs are entitled to summary adjudication of their invasion of privacy cause of action based on defendants' violations of section 11361.5.

In *Mathews v. Becerra* (2019) 8 Cal.5th 756 (*Matthews*), the Supreme Court reaffirmed that, in order to constitute an actionable invasion of privacy, the invasion " 'must be sufficiently serious in . . . nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right.' " (*Id.* at p. 779.)  Thus, " 'the extent and gravity of the invasion is [*sic*] an indispensable consideration in assessing an alleged invasion of privacy.' " (*Ibid.*)

In this case, for the reasons stated in part III.B.3.c, *ante*, plaintiffs established that defendants are violating section 11361.5 with respect to arrest and conviction records of marijuana-related offenses in their possession.  However, plaintiffs did not demonstrate that defendants' failure to obliterate all references "pertaining to" (§ 11361.5, subd. (c)) marijuana arrests and convictions and defendants' failure to "prepare[ ] again" certain documents "so that it appears that the arrest or conviction never occurred," (*ibid.*) are so " 'serious in their nature, scope, and actual or potential impact,' " (*Matthews, supra*, 8 Cal.5th at p. 779) that they constitute a serious invasion of privacy *as a matter of law*.  (Compare with *Hooper, supra*, 122 Cal.App.3d at p. 1015 ["If defendant . . . disseminates an individual's arrest record containing an entry that the individual has been arrested or convicted of an offense covered by the legislation, that individual's right to privacy has

---

search results from the criminal index amounting to a local summary criminal history or 'rap sheet.' "

been similarly violated"].)  Whether defendants' violations of section 11361.5 are of sufficient "extent and gravity" (*Matthews, supra*, at p. 779) to warrant liability for invasion of privacy remains a factual question to be resolved on remand.  Accordingly, we conclude that the trial court properly denied plaintiffs' motion for summary adjudication.

b. *The trial court erred in granting defendants' motion for summary adjudication*

In both the trial court and on appeal, defendants' arguments in support of their motion for summary adjudication with respect to plaintiffs' invasion of privacy cause of action, insofar as it is based on defendants alleged violations of section 11361.5 and Rule 2.507, rests on the premise that defendants are *not* acting in violation of the statute and rule of court. However, we concluded in part III.B.3.c, that undisputed evidence establishes that defendants *are* violating section 11361.5, and in part III.A.3, *ante*, we directed the trial court to conduct further proceedings on plaintiffs' allegations that defendants are violating Rule 2.507.

We further conclude that the trial court erred in determining that plaintiffs cannot not establish, as a triable issue of fact, whether defendants committed a " 'serious invasion of privacy,' " by way of such violations and alleged violations.  (See *Matthews, supra*, 8 Cal.5th at p. 779.)[54]  Accordingly,

---

[54]    Defendants did not argue in the trial court or on appeal that plaintiffs could not establish the first two elements of their privacy cause of action, namely, a legally protected privacy interest and a reasonable expectation of privacy in the circumstances.  We think it clear that section 11361.5 creates a legally protected privacy interest and a reasonable expectation of privacy for plaintiffs with respect to court records pertaining to their minor marijuana-related convictions that are statutorily mandated to be destroyed.  Similarly, Rule 2.507 creates a legally protected privacy interest and a reasonable expectation of privacy for plaintiffs with respect to personally identifying

64

we conclude that the trial court erred in granting defendants' motion for summary adjudication.

    c.  *Conclusion*

In sum, neither plaintiffs nor defendants are entitled to judgment as a matter of law on plaintiffs' cause of action for invasion of the state constitutional right to privacy. On remand, the trial court shall conduct further proceedings with respect to this cause of action.

D.  *The trial court's summary adjudication of plaintiffs' causes of action for declaratory and injunctive relief must be reversed*

In its order granting defendants' motion for summary judgment, the trial court granted judgment as a matter of law for defendants on plaintiffs' sixth cause of action (declaratory relief) and seventh cause of action (writ of mandate). In light of our reversal of the trial court's rulings on several of the underlying substantive causes of actions supporting plaintiffs' request for declaratory and injunctive relief (i.e., plaintiffs' first, third, and fifth causes of action), we also reverse the trial court's order granting judgment as a matter of law on plaintiffs' causes of action seeking declaratory relief and a writ of mandate.

IV.

DISPOSITION

The judgment is reversed.

The trial court's order granting judgment as a matter of law for defendants on plaintiffs' first cause of action (violation of section 11361.5) is reversed. On remand, the trial court is directed to grant judgment as a matter of law for plaintiffs on plaintiffs' first cause of action and to conduct

---

information that is required to be excluded from defendants' electronic index by the rule of court.

65

further proceedings with respect to the appropriate declaratory and injunctive relief to be granted in plaintiffs' favor with respect to their first cause of action.

The trial court's order sustaining defendants' demurrer to plaintiffs' third cause of action (violation of Rule 2.507) is reversed. The trial court is directed to conduct further proceedings on this cause of action in a manner consistent with this opinion.

The trial court's order sustaining defendants' demurrer to plaintiffs' fourth cause of action (violation of section 13300) is affirmed. On remand, plaintiffs may ask the trial court for leave to amend their complaint to state a cause of action for disclosure of criminal offender record information. The trial court shall determine the legal sufficiency of any such amended complaint in a manner consistent with this opinion.

The trial court's order granting judgment as a matter of law for defendants on plaintiffs' fifth cause of action (invasion of state constitutional right to privacy) is reversed. The trial court's order denying judgment as a matter of law for plaintiffs on plaintiffs' fifth cause of action is affirmed. On remand, the trial court is directed to conduct further proceedings on plaintiffs' fifth cause of action in accordance with this opinion.

The trial court's order granting judgment as a matter of law for defendants on plaintiffs' sixth cause of action (declaratory relief) and seventh cause of action (writ of mandate) is reversed. On remand, after conducting further proceedings, the trial court is instructed to enter appropriate declaratory and injunctive relief in plaintiffs' favor with respect to their first cause of action. In addition, at the conclusion of the proceedings on remand with respect to plaintiffs' remaining causes of action, the trial court is

directed to consider whether to grant additional declaratory and injunctive relief in a manner consistent with this opinion.

Plaintiffs are entitled to recover costs on appeal.

AARON, J.

WE CONCUR:

BENKE, Acting P. J.

GUERRERO, J.